UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TAMEKA SNYDER,

    Plaintiff,

v.                                                         Civil Action No. 2:23-cv-00535 (EWH)

PORTFOLIO RECOVERY
ASSOCIATES LLC, ZIONS DEBT
HOLDINGS LLC, and EXPERIAN
INFORMATION SOLUTIONS INC.,

    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on Plaintiff Tameka Snyder's Motion for Default Judgment against Defendant Zions Debt Holdings, LLC ("Motion for Default"). ECF No. 38. For the reasons stated below, the Court GRANTS the Motion for Default and DIRECTS that default judgment be entered against Defendant Zions Debt Holdings, LLC ("ZDH") in the amounts detailed below.

### I.    BACKGROUND

Snyder, a victim of identity theft, alleges that ZDH is a debt collector who violated the Fair Debt Collection Practices Act ("FDCPA"). Compl. ¶¶ 2, 15, ECF No. 1. According to her Complaint, Snyder discovered she was a victim of identity theft after learning that someone, without her knowledge or consent, used her personal information to open an account with Vivint Smart Home ("Vivint"). *Id.* ¶ 46. At some point, the account went into default and Vivint transferred the account to ZDH for collection. *See id.* ¶ 49. Snyder alleges that ZDH then reported to the consumer reporting agencies ("CRAs") that the account belonged to Snyder and was in collections. *See* Declaration in Support of Motion for Default ("Pl.'s Decl.")

1

¶ 17, ECF No. 39-1. Snyder then contacted Experian Information Solutions ("Experian"), a CRA, and told Experian that she never opened an account with Vivint, had no knowledge of the account, and that ZDH had reported the account incorrectly. Compl. ¶¶ 76–77. Snyder's disputes concerning the validity of the Vivint account were forwarded to ZDH. *Id.* ¶ 78. Snyder alleges ZDH did not investigate her disputes and instead continued its collection activity by reporting to the CRAs that the Vivint account belonged to her. *Id.* ¶¶ 84, 91.

Thereafter, Synder filed this lawsuit alleging, among other things, that ZDH violated various sections of the FDCPA. *Id.* ¶¶ 168–215. Snyder properly served ZDH. ECF No. 17. ZDH failed to answer or file a responsive pleading. *See* Fed. R. Civ. P. 12(a)(1) (a defendant has 21 days after being served to file an answer or other responsive pleading). Snyder filed a Request for Clerk's Entry of Default, ECF No. 24, which the Clerk entered the next day. Snyder then filed this Motion for Default. ECF No. 38. ZDH has not responded to the Motion for Default and the time for it to do so has passed. Having reviewed the relevant submissions, the Court concludes a hearing is not necessary. *See* E.D. Va. Loc. Civ. R. 7(J); Fed. R. Civ. P. 78.

## II.    LEGAL STANDARD

### A. Motion for Default Judgment

The Clerk must enter default judgment when a defendant "fail[s] to plead or otherwise defend" against an action, "and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After securing the Clerk's entry of default, when the plaintiff's claim is not for a sum certain, "the [plaintiff] must apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2). Whether to grant default judgment is within the court's discretion. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953–54 (4th Cir. 1987).

By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact," leaving the district court to "determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal citations omitted). To reach this determination, a court must "examine the essential elements of the plaintiff's claims and determine whether the plaintiff has pled facts sufficient to satisfy those elements." *Wilcox v. Transmodal Sols., LLC*, 473 F. Supp. 3d 574, 582 (cleaned up). A plaintiff has pled sufficient facts when the complaint states "a claim to relief that is plausible on its face." *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (internal quotation marks and citations omitted) (applying the *Twombly* and *Iqbal* plausibility standard in the context of default judgment). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ba v. Ridenhour*, No. 1:15CV1669, 2016 WL 8669790, at *1 (E.D. Va. Sept. 9, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663).

Although a defendant in default admits the plaintiff's well-pleaded allegations as true, "a party who defaults does not admit the allegations in the claim as to the amount of damages." *S. Bank and Trust Co. v. Pride Grp., LLC*, No. 2:14CV255, 2015 WL 410726, at *4 (E.D. Va. Jan. 28, 2015); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleadings is required and the allegation is not denied."). "For that reason, after a district court concludes that liability is established, it must then independently calculate the appropriate amount of damages." *S. Bank and Trust Co.*, 2015 WL 410726, at *4 (citing *Ryan*, 253 F.3d at 780–81).

### B. The FDCPA

The purpose of the FDCPA is "to protect consumers from unfair debt collection practices." *Mabe v. G.C. Servs. Ltd. P'ship.*, 32 F.3d 86, 87 (4th Cir. 1994) (citing *Carroll v. Wolpoff & Abramson*, 961 F.2d 459, 460 (4th Cir. 1992)). To establish a claim under the FDCPA, a plaintiff must show that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Dikun v. Streich*, 369 F.Supp.2d 781, 784–85 (E.D. Va. 2005) (internal citations omitted). "[A] consumer debt is defined as an obligation to or alleged obligation 'to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]'" *Finney v. MIG Capital Mgmt., Inc.*, No. 2:13CV02778, 2014 WL 1276159, at *10 (S.D. W. Va. Mar. 27, 2014) (quoting § 1692a(5)). "[A] debt collector [is] 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Id.* (quoting § 1692a(6)). The FDCPA prohibits, among other things, debt collectors from using any "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

### III.   ANALYSIS

As a threshold matter, this Court has both subject matter jurisdiction and personal jurisdiction over ZDH. *See United States v. Brooks*, No. 1:22CV0101, 2022 WL 1812254, at *4 (E.D. Va. June 1, 2022) ("A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment."). Federal district

4

courts have subject matter jurisdiction over all civil actions arising under the United States Constitution, federal laws, or treaties. 28 U.S.C. § 1331. Snyder asserts her claims under the FDCPA, a federal statute. Accordingly, this Court has subject matter jurisdiction over Snyder's claims. A court has personal jurisdiction over a defaulting party if the "defendant has been brought within the court's jurisdiction by adequate service of process." *See Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, No. 1:15CV1269, 2016 WL 1756487, at *1 (E.D. Va. May 3, 2016) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 744 F.2d 1087, 1089 (4th Cir. 1984)). A corporation may be served "by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of [the required documents] to the defendant." Fed. R. Civ. P. 4(h)(1)(B); *see Goldbelt Wolf*, 2016 WL 1756487, at *1. Here, Snyder served ZDH with process by delivering a copy of the required documents to an individual identified as an "Authorized Person" at ZDH's address in Utah and by also mailing a copy of the summons and complaint to that same address. ECF No. 17. As such, Snyder properly served ZDH with process and this Court has personal jurisdiction over ZDH.

### A. Liability

Snyder requests that the Court enter default judgment against ZDH for violating Sections 1692e(2) and 1692e(8) of the FDCPA, as alleged in Counts 8 and 9 of the Complaint.[1] Pl.'s Mem. at 1, ECF No. 39; Compl. ¶¶ 181–94. "To prevail on an FDCPA claim, a plaintiff must allege that: (1) . . . she was the object of collection activity

---

[1] Snyder does not appear to be pursuing default judgment based on Counts 6, 7, 10, 11, and 12 as alleged in her Complaint. *See* Pl.'s Mem. at 1, ECF No. 39 ("Plaintiff brings claims under Sections 1692e(2) and 1692e(8) of the FDCPA against ZDH. . . ."); Compl. ¶¶ 168–80, 195–215. Therefore, the Court does not address liability under those claims.

arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and, (3) the defendant engaged in an act or omission prohibited by the FDCPA, such as using a false, deceptive, or misleading representation or means in connection with the collection of any debt." *Thurmond v. Bayview Loan Servicing, LLC*, No. 3:17CV196, 2017 WL 6347961, at *8 (E.D. Va. Dec. 12, 2017). Snyder has pleaded sufficient facts as to each required element, allowing this Court to make the reasonable inference that ZDH is liable for the alleged misconduct.

1. Snyder Is a Consumer Who Was Subject to Collection Activity of a Consumer Debt.

Snyder adequately pleads that she is a consumer who was subject to collection activity of a consumer debt. Snyder alleges she "is a natural person and a 'consumer' as defined by 15 U.S.C. § 1681a(c)." Compl. ¶ 15. *See* § 1692a(3); *Selig v. F & M Cap. LLC*, No. 3:19CV764, 2020 WL 13607032, at *1 (E.D. Va. Apr. 2, 2020). Snyder also alleges that her "personal information" was used by fraudsters to "open a credit account with . . . Vivint Smart Home." Compl. ¶ 2; *see* § 1692a(5). Additionally, Snyder alleges that ZDH "regularly reports and furnishes information to consumer reporting agencies in its efforts to collect debts from consumers," Compl. ¶ 23, and continuously reported the Vivint account on Snyder's credit reports. *Id.* ¶ 91; *see* § 1692a(2); *see also Davis v. Trans Union, LLC*, 526 F. Supp. 2d 577, 586–87 (W.D.N.C. 2007) (quoting *Sullivan v. Equifax*, No. 01-4336, 2002 WL 799856, at *4 (E.D. Pa. Apr. 19, 2002)) ("Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt . . . can subject a debt collector to liability under the FDCPA."). Taken together, the factual allegations are sufficient to reasonably infer that Snyder is a consumer, that ZDH engaged in collection

activity, and that the debt was "consumer debt," primarily for personal, family, or household purposes.

2.   ZDH Is a Debt Collector.

Snyder adequately pleads that ZDH is a debt collector. Snyder alleges "ZDH is in the business of debt collection using instrumentalities of interstate commerce . . . and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." Compl. ¶ 22; *see* § 1692a(6). Snyder pleads that when the Vivint account defaulted it was "transferred . . . to ZDH for collection." Compl. ¶ 49. These allegations are sufficient for the Court to reasonably infer that ZDH is a debt collector as defined by the FDCPA.

3.   ZDH Engaged in Conduct Prohibited by the FDCPA.

Snyder adequately pleads that ZDH engaged in conduct prohibited by the FDCPA when it attempted to collect on the Vivint debt. The FDCPA prohibits "the false representation of the character, amount, or legal status of any debt." § 1692e(2). Further, § 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false." In the FDCPA, "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2); *see also Davis*, 526 F. Supp. 2d at 586–87 ("[A] debt collector's reporting of a consumer debt to a consumer reporting agency would be covered by the FDCPA § 1692e(2) if the communication is false, deceptive, or misleading.") (internal quotation marks and citation omitted).

Snyder alleges a fraudster used her personal information to open an account with Vivint without her knowledge or consent, and that when the account defaulted, Vivint transferred it to ZDH for collection. Compl. ¶¶ 46, 49. Snyder further alleges that, after she discovered Experian

7

reporting the inaccurate information, she disputed the Vivint account to the CRAs, and the CRAs forwarded the disputes to ZDH. *Id.* ¶ 78. Snyder also alleges that after receiving the dispute from Experian, ZDH became responsible for investigating it, but failed to do so." Compl. ¶¶ 80, 84. Plaintiff alleges that had ZDH investigated, it would have been clear that the debt was not valid. Plaintiff also alleges that ZDH continued its collection activity, including by continuing to report the disputed account on Snyder's credit reports. *Id.* ¶¶ 81, 91. These allegations are sufficient for the Court to conclude that ZDH violated § 1692e(2) and § 1692e(8) when it reported the Vivint debt to a CRA as a debt owed by Snyder even though it knew or should have known, that information to be false.

### B. Damages

Finding that ZDH is liable for the conduct alleged by Snyder, the Court now examines what, if any, damages are appropriate. *S. Bank and Trust Co.*, 2015 WL 410726, at *4 (E.D. Va. Jan. 28, 2015). Snyder seeks $10,000 for actual damages, $1,000 in statutory damages, attorney's fees and costs in the amount of $5,498, and interest at the legal rate. Mot. at 1, ECF No. 38.

1. Actual Damages.

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in an amount equal to the sum of any actual damages sustained by such person as a result of such failure." § 1692k(a)(1). Snyder asks for $10,000 in actual damages based on "loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress."[2] Pl.'s Mem. at 6.

---

[2] Snyder does not allege in her Complaint that ZDH's actions caused loss of credit or damage to her reputation. *See* Compl. ¶¶ 183; 190 (alleging "Plaintiff suffered actual injury in the form of emotional[] distress, humiliation, anxiety, out of pocket expenses and embarrassment"). Instead, she alleges that she suffered these damages as a result of PRA's and Experian's violations. *See* Compl. ¶¶ 119, 143, 160, 165 (alleging "Plaintiff suffered damage by loss of credit, loss of the

8

Emotional distress damages are actual damages compensable under the FDCPA. *Carter v. Countrywide Home Loans, Inc.*, No. 3:07CV651, 2009 WL 1010851, at *4 (E.D. Va. Apr. 14, 2009). Actual damages for emotional distress may be established by declaration or other evidence detailing the injury or how the injury impacted the plaintiff's day-to-day life. *Valdez v. Arm Wyn, LLC*, No. 7:14CV00263, 2015 WL 3661102, at *3 (W.D. Va. June 12, 2015). Where such evidence is not provided, courts routinely decline to award or decrease an award for emotional distress. *Id*. (awarding $1,000 of the $5,000 requested for actual damages when the plaintiff failed to provide "a declaration or other evidence detailing her specific emotional injuries or how those injuries have hampered her life"); *see also Dryden v. Accredited Collection Agency, Inc.*, No. 3:14CV255, 2015 WL 3646649, at *5 (E.D. Va. June 10, 2015) (declining to award actual damages for emotional distress when the plaintiff presented "mere conclusory allegations" and no "competent proof" to support her request for $3,000).

Here, Snyder alleges that she "among other things, suffered stress, anxiety, . . . humiliation[,]" "out of pocket expenses[,] and embarrassment." Compl. ¶¶ 183, 185, 190, 192. In her Declaration in Support of her Motion for Default, Snyder states that she feels haunted as a result of this experience, has difficulty sleeping, and now "obsessively monitor[s] [her] financial activities and credit report." Pl.'s Decl. at ¶ 23. Snyder describes "[t]his level of vigilance [as] exhausting and perpetuat[ing] [her] anxiety." *Id.* Snyder also describes feeling "hopeless and distraught" because "the inaccurate reporting of the ZDH account remained on [her] credit files." *Id.* at ¶ 27. Synder equates the stress she experienced to "an emotional rollercoaster" and describes

---

ability to purchase and benefit from a credit, reduction in credit scores . . ."). Accordingly, the Court does not award any damages for loss of credit or reputational harm as a result of ZDH's actions. See Fed. R. Civ. P. 54(c) ("A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.").

9

how she "was unable to fall asleep or stay asleep at night[,] . . . would cry nearly every single night[,] [and] . . . had a panic attack when [she] knew she was going to need credit to buy a new vehicle, . . . [because] [she] was scared to death that [she] was going to get arrested and go to jail again." *Id.* at ¶ 29. Finally, Snyder alleges that as of May 10, 2024, the date she signed her affidavit, and seven months after filing her Complaint, ZDH continues to report the account to the CRAs. *Id.* at ¶ 26.

The Court finds that an award of $2,500 is appropriate for actual damages for emotional distress. In her Declaration, Snyder credibly describes the emotional distress caused by ZDH's reporting of the debt and how it has affected her personal life. However, Synder does not include specific details, such as the dates or duration of such distress, or corroborating evidentiary support for her allegations. While Snyder does present evidence of her emotional distress through her Declaration, it is difficult for the Court to value such damages without further detail. Additionally, an award of $10,000 is not appropriate because, even if all of Synder's allegations are proven to be true, Snyder also alleges that the other Defendants similarly caused this harm. Therefore, ZDH is not solely responsible for all of Snyder's emotional distress damages. Having weighed this information, the Court finds an award of $2,500 to be appropriate.

2.  Statutory Damages.

The FDCPA also provides that debt collectors may be liable for additional damages "not exceeding $1,000." § 1692k(a)(2)(A). In determining whether to award additional damages, the court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

Snyder alleges that ZDH continuously reported "the erroneous account on [her] credit reports, despite being notified that [she] was not the debtor and [was] a victim of identity theft." Compl. ¶ 91. Snyder also alleges that even at the time of filing for default judgment, "ZDH continues to report the inaccurate account." Pl.'s Decl. ¶ 26. Considering ZDH's repeated conduct for over a year, and because Snyder has sufficiently alleged that ZDH violated the FDCPA, the Court will award $1,000 in statutory damages.

3.  Attorney's Fees and Costs.

The FDCPA provides that in a successful action, a debt collector is liable for "the costs of the action . . . with a reasonable attorney's fee as determined by the court." § 1692k(a)(3). "Although the fee award under § 1692k is mandatory in all but the most unusual circumstances, the statute makes clear that calculation of the appropriate award must be left to the district court." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) (internal citation omitted).

To show the reasonableness of fees and costs, the requesting party must submit a record of the hours spent on the case. *Bickley v. Gregory*, No. 2:16CV131, 2016 WL 6306148, at *9 (E.D. Va. Oct. 7, 2016) (citing *Dryden v. Accredited Collection Agency, Inc. et al.*, No. 3:14CV255, 2015 WL 3646649, at *7 (E.D. Va. June 10, 2015)). The requesting party must also submit affidavits from the attorneys and "specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008)).

Snyder requests $5,498 in attorney's fees and costs. *See* Pl.'s Mem. at 7. This amount consists of "11.25 hours at a rate of $250/hour for Mr. Maravalli, 2.5 hours at a rate of $750/hour for Mr. Marchiando, and costs in the amount of $810.50." *Id.* (citing Marchiando Decl. ¶¶ 7–9, ECF No. 39-2). Snyder's attorney submitted an affidavit stating that the costs of $810.50 included

"$402 for the filing fee, $76 for service of process, $257.50 for the Rapid Legal service, and $75 for the request of [his] co-counsel, Abel Pierre, to appear *pro hac vice*." Marchiando Decl. ¶ 9. Further, Snyder's attorney noted that the Eastern District of Virginia recently agreed that "hourly rates of between $505 and $820 were reasonable for attorneys of [his] experience." *Id.* ¶ 6 (citing *Bowden v. Forest River, Inc.*, No. 1:18CV1578, 2020 WL 3584792, at *2 (E.D. Va. June 30, 2020)). Additionally, Snyder's attorney submitted that "[his] colleague, John Maravalli, has also contributed 11.25 hours at his $250 hourly rate," and that "this hourly rate also fits within those approved in *Bowden* for attorneys with that level of experience." *Id.* ¶ 7.

The Court finds the fees and costs of $5,498 are appropriate and reasonable. *See Bowden*, 2020 WL 3584792, at *2; *Dryden*, 2015 WL 3646649, at *7 (granting $4,022.45 in attorney's fees and costs); *Anderson v. Didonato*, No. 1:12CV00643, 2012 WL 6553675, at *6 (E.D. Va. Nov. 19, 2012) (granting $11,534.35 in attorney's fees and costs).

4. Interest.

Snyder seeks "interest at the legal rate." Mot. at 1. However, Snyder does not clarify, in her Motion for Default or Memorandum in Support, whether she is seeking pre-judgment and/or post-judgment interest.

Because the FDCPA does not address the award of pre-judgment interest, the decision to issue such an award is within the court's discretion. *Bickley*, 2016 WL 6306148, at *10. Given that Snyder has failed to address whether she seeks pre-judgment interest, and if so, how the Court should calculate such interest in this case and why such an award would be appropriate, the Court declines to award pre-judgment interest. *Selig v. Niagara Recovery Sols. Mgmt. Grp., LLC*, No. 3:19CV769, 2020 WL 4283926, at *9 (E.D. Va. July 27, 2020); *Bickley*, 2016 WL 6306148, at *10–11.

12

The Court may award post-judgment interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). This includes money judgments in FDCPA cases. *Selig*, 2020 WL 4283926, at *9; *Bickley*, 2016 WL 6306148, at *10–11. The Court will enter a money judgment in this case. Accordingly, the Court finds an award of post-judgment interest at the rate articulated in § 1961(a) to be appropriate.

### IV.   CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Default Judgment, ECF No. 38, is GRANTED.

It is ORDERED that default judgment be entered against Defendant Zion Debt Holdings LLC.

It is FURTHER ORDERED that Defendant Zion Debt Holdings LLC pay actual damages in the amount of $2,500, statutory damages in the amount of $1,000, attorney's fees and costs in the amount of $5,498, and post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a).

The Clerk is DIRECTED to send a copy of the Memorandum Order to the defendants and all counsel of record.

IT IS SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia Date:
November 4, 2024